NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ROUSER, | No. 21-15608 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01009-KJM-JDP |
| v. | |
| JARED LOZANO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

William Rouser appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his parole hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v.*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

To the extent that Rouser's claims challenged the denial of parole or would otherwise necessarily demonstrate the invalidity of the duration of his confinement, the district court properly concluded that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)).

To the extent that Rouser's claims challenged parole procedures, dismissal was also proper because Rouser failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (in parole context, due process requires only that a prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied); *Coleman v. Thompson*, 501 U.S 722, 752-53 (1991) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Rouser's motion to appoint counsel (Docket Entry No. 4) is denied.

**AFFIRMED.**